**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EMILE TILSON, JR., ET AL.**                                     **CIVIL ACTION**

**VERSUS**                                                                      **NO. 17-240-JJB-EWD**

**DISA, INC., ET AL.**

**ORDER**

Before the Court is an Amended Joint Notice of Removal and Improper Joinder,[1] filed by defendants DISA, Inc. and DISA Global Solutions, Inc. ("DISA"), with the consent of defendants Psychemedics Corporation ("Psychemedics") and Clinical Pathology Laboratories, Inc. ("CPL") (collectively, "Defendants"). Defendants removed the matter to this Court on April 19, 2017, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).[2] On April 27, 2017, Defendants filed a Supplement to Joint Notice of Removal and Improper Joinder, seeking to provide additional information that was not included in the Notice of Removal.[3] On May 2, 2017, this Court issued an Order giving Defendants seven days to file a Motion to Strike the Supplement to Joint Notice of Removal and Improper Joinder[4] and to file a comprehensive Amended Notice of Removal.[5]

In accordance with this Court's May 2, 2017 Order, Defendants filed a Motion to Strike Supplement to Joint Notice of Removal and Improper Joinder[6] and an Amended Joint Notice of Removal and Improper Joinder ("Amended Notice of Removal")[7] on May 8, 2017. The Amended

---

[1] R. Doc. 13.
[2] R. Doc. 1 at 1.
[3] R. Doc. 5.
[4] R. Doc. 5.
[5] R. Doc. 10.
[6] R. Doc. 12.
[7] R. Doc. 13.

Notice of Removal asserts that this Court has diversity jurisdiction under § 1332(a)[8] and contains the following allegations regarding the citizenship of the parties:

> 2. DISA is a Delaware corporation with its principal place of business in Harris County, Texas, and is therefore a citizen of the states of Delaware and/or Texas. Psychemedics is a Delaware corporation with its principal place of business in Acton, Massachusetts, and is therefore a citizen of the states of Delaware and/or Massachusetts. CPL is incorporated in Texas with its principal place of business in Austin, Texas, and is therefore a citizen of Texas.
>
> 3. In their First Amended Petition, Plaintiffs stated that Dr. Banks, "individually and as 'A Medical Corporation' was inadvertently named as the designated Medical Review Office who reviewed Mr. Tilson's urine test . . . [and Dr. Banks] was not the Medical Review Officer and therefore any and all references to and all allegations made against [Dr. Banks] are hereby removed, deleted and retracted from Plaintiffs' original Petition for Damages." [First Amended Petition at 1.] Plaintiffs did not add Dr. Banks back in to their Second Amended Petition. [*See gen'lly* Second Amended Petition.] Dr. Banks is, therefore, no longer a party to this litigation.
>
> 4. To the extent Dr. Banks remains a party to this litigation, however, his joinder is improper and his alleged citizenship should be disregarded for purposes of establishing diversity jurisdiction. Dr. Banks was not the Medical Review Officer who reviewed Mr. Tilson's drug test result and played no part in the underlying facts of this case. Attached to this Amended Joint Notice of Removal and Improper Joinder as Exhibit 1 is the Declaration of Evelyn Ward, Director of University Services ("University"), the entity that employed the Medical Review Officer ("MRO") who reviewed Mr. Tilson's positive drug test result at issue in this litigation. In her Declaration, Ward states that the MRO who reviewed Mr. Tilson's positive drug test result was Dr. Jerome Cooper, not Dr. Banks, and states further that University is a limited liability corporation incorporated in the State of Delaware with its principal and only place of business in Pennsylvania. (Ex. 1 at ¶¶ 4, 10-11.)
>
> 5. In addition, the Drug Test Result Certificate pertaining to the drug test at issue in this litigation provides that the specimen collection facility (where Mr. Tilson's urine sample was collected) was Turner Industries Group, LLC, the analyzing laboratory (where Plaintiff's urine sample was tested) was Clinical Reference Laboratory, and the

---

[8] R. Doc. 13.

> MRO was University Services. (9/29/16 DISA Drug Test Result Certificate, attached as Exhibit 2.) Therefore, like Dr. Banks, even if CPL was a non-diverse party, its joinder would be improper as it did not conduct the analysis of Mr. Tilson's urine sample and was in no way involved in the underlying facts of this litigation. (Ex. 2.) In this context, removal is proper as there is complete diversity among the remaining Defendants, and the alleged citizenship of improperly-joined parties may be disregarded.[9]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Citizenship has not been adequately alleged in the Amended Notice of Removal. While the citizenship of DISA, Psychemedics, and CPL has been adequately alleged,[10] there is no allegation regarding the citizenship of Dr. Banks. To the extent that Dr. Banks is sued in his individual capacity, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). Additionally, to the extent Dr. Banks is sued in his capacity as "'A Medical Corporation,' and/or a shareholder of the Medical Corporation,"[11] the Fifth Circuit has held that, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

Accordingly,

---

[9] R. Doc. 13 at 2-3.

[10] For purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

[11] *See*, R. Doc. 1-2 at 6.

**IT IS HEREBY ORDERED** that Defendants shall have seven (7) days to file a Motion to Substitute the Amended Joint Notice of Removal and Improper Joinder[12] with an Amended Notice of Removal that is a comprehensive pleading that includes all of Defendants' numbered allegations, as revised, supplemented, and/or amended, and adequately alleges the citizenship of all parties, which will become the operative notice of removal in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on May 9, 2017.

                                                    **ERIN WILDER-DOOMES**
                                                    **UNITED STATES MAGISTRATE JUDGE**

---

[12] R. Doc. 13.