**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

EMILE TILSON, JR.                                                    CIVIL ACTION
AND DEBRA TILSON

VERSUS                                                               17-240-SDD-EWD

DISA, INC., DISA GLOBAL SOLUTIONS,
INC., ET. AL.

## RULING

This matter is before the Court on the *Motion to Dismiss or, alternatively, for a More Definite Statement*[1] by Defendant Exxon Mobil Corporation ("Exxon"). Plaintiffs Emile Tilson, Jr. ("Tilson") and Debra Tilson ("Mrs. Tilson") (collectively, "Plaintiffs") have filed an *Opposition*[2] to this motion to which Exxon has filed a *Reply*.[3]  For the following reasons, the Court finds that the Defendant's motion should be GRANTED.

**I.      FACTUAL BACKGROUND**[4]

Tilson was employed by Turner Industries ("Turner") as a boilermaker, pipefitter, and member of the reactor crew who worked at the Exxon petrochemical plant in Baton Rouge, Louisiana.  Tilson was subject to a work-related random drug test. A Turner employee collected Tilson's urine specimen and sent it to CRL, an independent testing lab, for testing.

---

[1] Rec. Doc. 75.
[2] Rec. Doc. 94.
[3] Rec. Doc. 105.
[4] Rec. Doc. 42, *Fifth Supplemental and Amending Complaint.*

Document Number: 49627

After an initial test and a second confirmatory test, CRL reported to Turner's Medical Review Officer ("MRO") that Tilson's urine tests reflected the presence of marijuana metabolite at a concentration of 14 ng/mL. The marijuana concentration reporting threshold ordered by Turner was 10 ng/mL. In other words, Turner required CRL to report as "positive" results above 10 ng/mL. Tilson was terminated by Turner based on the test results.

On March 6, 2017, Tilson filed suit in state district court against DISA Global Solutions, Inc. ("DISA"), Psychemedics Corporation, and Clinical Pathology Laboratories, Inc. ("CPL"),[5] alleging various claims arising from the collection, testing, and reporting of the workplace drug test. On November 15, 2017, Tilson filed a *Fifth Supplemental and Amending Petition for Damages*[6] against Exxon and co-defendants CRL, DISA, and Dr. Randy Barnett.

Tilson alleges "Exxon mandated the random drug test," and "coordinated with DISA" to conduct the test.[7] Tilson further alleges that Exxon is vicariously responsible for his alleged unlawful termination following the positive drug test, violations of his civil rights, invasion of privacy, "interference with his employment," negligence, violation of state and federal law including Americans with Disabilities Act, the Louisiana Employment Discrimination Law, the Louisiana Human Rights Act, the Louisiana Drug Testing Statutes ("LDTSA"), the NIDA guidelines, the U.S. Department of Transportation's ("DOT") Procedures for Workplace Drug and Alcohol Testing Programs, the Pipeline and

---

[5] Rec. Doc. 27; DISA is a third-party administrator for drug testing that reports the results of drug tests from specimens analyzed by a laboratory and reported by a Medical Review Officer.
[6] Rec. Doc. 42.
[7] *Id.* at. 4.

Hazardous Materials Safety Administration's ("PHMSA") drug and alcohol testing program, HIPPA, and the U.S. Department of Health and Human Services' ("HHS") mandatory guidelines for federal drug testing. Tilson argues that "Exxon should be held vicariously liable for the acts of DISA, the MRO, CRL, and the Turner collector."[8]

## II.     LAW AND ANALYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[9]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[11]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12]  A complaint is also insufficient if it

---

[8] *Id.* at 5.

[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

[10] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).

merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[15] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[16] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[17] On a Motion to Dismiss, the inquiry is whether the allegations in the Complaint plausibly state a claim for relief.

## B. Vicarious Liability

In *Cain v. City of New Orleans*, the Eastern District of Louisiana found that "with few exceptions, plaintiffs' [complaint] directs its allegations not towards the City, or any other individual or entity, but towards 'defendants' as a group."[18] "This pleading structure – lumping all defendants together and asserting identical allegations as to each, without distinction – largely prevents the Court from discerning which defendants are allegedly responsible for which allegedly unlawful actions."[19] In *Cain*, the court found the plaintiff's "allegations of collective wrongdoing by all [] defendants" insufficient to state a plausible

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[14] *Twombly*, 550 U.S. at 570.
[15] *Iqbal*, 556 U.S. at 678.
[16] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[17] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[18] 2016 WL 2849478 (E.D. La. 2016).
[19] *Id.*

claim and dismissed the collective claims under Rule 12(b)(6).[20]

Similarly, with few exceptions, Tilson alleges wrongdoing on the part of Defendants collectively.[21] Accordingly, in evaluating Exxon's *Motion to Dismiss*,[22] the Court looks only to well-pleaded facts concerning Exxon's alleged misconduct. Plaintiff's allegations against Exxon, rather than defendants collectively, are as follows:

(1) "Exxon . . . contracted with DISA . . ."[23]

(2) "[I]n accordance with Federal law, Exxon should be held vicariously liable for the acts of DISA, the MRO, CRL, and the Turner collector."[24]

(3) "Turner and Exxon consented to Defendants' publication of . . . Mr. Tilson's false-positive drug test result."[25]

As Exxon correctly points out, Louisiana law governs the claim of vicarious liability.[26] Exxon argues that it cannot be held vicariously liable because there is no employer-employee relationship between Exxon and any party herein, nor do the Tilsons allege the existence of such a relationship.

Louisiana Civil Code article 2320 provides in part: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." Thus, "the plaintiff must show that an employer-employee relationship existed and that the employee's negligent act was

---

[20] *Id.*
[21] Rec. Doc. 42.
[22] Rec. Doc. 75.
[23] Rec. Doc. 42, p.4.
[24] *Id.* at 5.
[25] *Id.* at 9.
[26] See *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

committed within the scope and course of their employment with their employer."[27] Louisiana courts use several factors to determine whether an employment relationship exists, including: "[t]he right of control and supervision, selection and engagement, payment of wages, and the power of dismissal."[28]

Plaintiffs do not, in either the *Fifth Supplemental and Amending Complaint*[29] or their *Opposition,*[30] allege that Exxon is an employer of Tilson, DISA, the MRO, CRL, or the Turner collector. Plaintiffs have not alleged any facts that plausibly support any element of a claim for vicarious liability.

Further, "[u]nder Louisiana law, a principal is not liable for the offenses an independent contractor commits in the course of performing contractual duties."[31] However, two exceptions exist. The first is if the work the contractor is to perform is "ultrahazardous."[32] Plaintiffs do not allege that any Defendant's work was ultrahazardous. "The second exception imposes liability upon a principal for the negligent acts of an independent contractor when the principal reserves the right to supervise or control the work."[33] Plaintiffs allege that "Exxon and Turner coordinated with DISA, a third-party drug test administrator, to conduct the test."[34]  However, Plaintiffs do not elaborate on the alleged coordination or allege that Exxon supervised or controlled the work. To the

---

[27] *Hull v. Jefferson Par. Hosp. Dist. No. 1*, 16-273 (La. App. 5 Cir. 4/26/17), 220 So. 3d 838, 844 (citing *Smith v. Morange,* 03-150 (La. App. 5 Cir 09/16/03), 858 So.2d 65, 67-68; *Timmons v. Silman*, 99-3264 (La. 05/16/00), 761 So.2d 507, 510).
[28] *Golden v. Columbia Cas. Co.*, 2015 WL 3650790 (M.D. La. 2015) (citing *Walker v. Kroop*, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 584).
[29] Rec. Doc. 42.
[30] Rec. Doc. 94.
[31] *Triplette v. Exxon Corp.*, 554 So.2d 1361, 1362 (La.App. 1st Cir. 1989).
[32] *Id.*
[33] *Id.* at 1363.
[34] Rec. Doc. 42, p. 4.

contrary, Plaintiffs allege that "Exxon and Turner contracted with DISA to manage the drug testing programs and to train Turner employees on the methods, protocols, and procedures . . ." "Further, DISA managed the Turner drug testing procedures, policies, and collection and sent Mr. Tilson's urine sample, which was collected by Turner employees, to CRL for chemical analysis."[35] Plaintiffs have not alleged that Exxon had any supervision or control over any Defendants, nor do Plaintiffs allege that Exxon had an employer-employee relationship with "DISA, the MRO, CRL, and the Turner collector."[36] Accordingly, Plaintiff's vicarious liability claims against Exxon are dismissed.

### C. Defamation

Plaintiffs allege that "Turner and Exxon … consented to Defendants' publication of … Tilson's false-positive drug test result."[37] The Court will construe this allegation as a claim for defamation. To state a plausible claim for defamation, Tilson must allege facts that demonstrate (1) a false and defamatory statement; (2) an unprivileged publication to a third-party by Exxon; (3) fault (negligence or greater) on the part of Exxon; and (4) resulting injury.[38]

Plaintiff's allegation that Exxon consented to false publication is not plausible considering the Court's previous ruling dismissing Tilson's defamation claim against CRL because "[t]here is no allegation that the result, using the lower employer mandated cut-offs, was false or inaccurate."[39] Further, it is not alleged that Exxon actually published

---

[35] *Id.* at 5.
[36] *Id.*
[37] *Id.* at 9.
[38] *Costelb v. Hardy,* 03-1146 (La. 1/21/04), 864 So.2d 129, 139 (quoting *Trentecosta v. Beck*, 96-2388 (La. 10/21/97), 703 So.2d 552, 559).
[39] Rec. Doc. 106, p. 10.

Document Number: 49627

anything, but that Exxon "consented to" the publication. Since Plaintiff cannot plausibly demonstrate falsity, and it is not alleged that Exxon published the results, Plaintiff's defamation claim against Exxon is dismissed.

## III. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss*[40] is GRANTED. Plaintiff's claims against Exxon Mobil Corporation are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 15, 2019</u>.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[40] Rec. Doc. 75.