UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| EMILE TILSON, JR. AND DEBRA TILSON | CIVIL ACTION |
|---|---|
| VERSUS | 17-240-SDD-RLB |
| DISA, INC., DISA GLOBAL SOLUTIONS, INC., ET. AL. | |

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] by Defendant DISA Global Solutions, Inc. ("DISA"). Plaintiffs Emile Tilson, Jr. ("Tilson") and Debra Tilson ("Mrs. Tilson") (collectively, "Plaintiffs") have filed an *Opposition*[2] to this motion to which Exxon has filed a *Reply*.[3] For the following reasons, the Court finds that DISA's motion should be GRANTED.

## I.   FACTUAL BACKGROUND[4]

Tilson was employed by Turner Industries ("Turner") as a boilermaker, pipefitter, and member of the reactor crew who worked at the Exxon petrochemical plant in Baton Rouge, Louisiana.[5] Tilson was subjected to a work-related random drug test.[6] A Turner employee collected Tilson's urine specimen and sent it to CRL, an

---

[1] Rec. Doc. 163.
[2] Rec. Doc. 169.
[3] Rec. Doc. 173.
[4] Rec. Doc. 42; *Fifth Supplemental and Amending Complaint.*
[5] Rec. Doc. 163-2 p. 7; Rec. Doc. 169 p. 23.
[6] Rec. Doc. 163-1 p. 1; Rec. Doc. 42 ¶¶ 7, 8, 13.
58430

independent testing lab, for testing.[7]

After an initial test and a second confirmatory test, CRL reported to Turner's Medical Review Officer ("MRO") that Tilson's urine tests reflected the presence of marijuana metabolite at a concentration of 14 ng/mL.[8] The marijuana concentration reporting threshold ordered by Turner was 10 ng/mL.[9] In other words, Turner required CRL to report as "positive" results above 10 ng/mL. Tilson was terminated by Turner based on the test results.[10]

On March 6, 2017, Tilson filed suit in state district court against DISA Global Solutions, Inc. ("DISA"), Psychemedics Corporation, and Clinical Pathology Laboratories, Inc. ("CPL") alleging various claims arising from the collection, testing, and reporting of the workplace drug test.[11] On November 15, 2017, Tilson filed a *Fifth Supplemental and Amending Petition for Damages* against Exxon and co-defendants CRL, DISA, and Dr. Randy Barnett.[12]

Tilson alleges in his *Fifth Supplemental and Amending Petition for Damages* that DISA is responsible for his alleged unlawful termination following the positive drug test, and that the drug test constituted negligence, a violation of his constitutional rights, an invasion of privacy, tortious interference with his employment, and a violation of state and federal law including Americans with Disabilities Act, the Louisiana Employment Discrimination Law, the Louisiana Human Rights Act, the Louisiana Drug Testing Statutes

---

[7] Rec. Doc. 163-1 p. 1; Rec. Doc. 42 ¶¶ 7, 11, 13.
[8] Rec. Doc. 163-1 p. 2; Rec. Doc. 42 ¶¶ 16-18; Rec. Doc. 106 p. 2.
[9] Rec. Doc. 163-1 p. 1; Rec. Doc. 169 p. 24.
[10] Rec. Doc. 163-1 p. 2; Rec. Doc. 42 ¶¶ 6, 16.
[11] *See* Rec. Doc. 1.
[12] Rec. Doc. 42.
58430

("LDTSA"), the NIDA guidelines, the U.S. Department of Transportation's ("DOT") Procedures for Workplace Drug and Alcohol Testing Programs, the Pipeline and Hazardous materials Safety Administration's ("PHMSA") drug and alcohol testing program, the Health Insurance Portability and Accountability Act (HIPAA), and U.S. Department of Health and Human Services ("HHS") mandatory Guidelines for federal drug testing.[13]

On May 22, 2017, this Court granted a *Voluntary Motion to Dismiss* on all claims against defendant CPL without prejudice.[14] The same day, this Court dismissed without prejudice all claims against defendant Psychemedics Corporation.[15] On January 15, 2019, this Court dismissed with prejudice all claims against defendant Exxon Mobil Corporation.[16] On January 22, 2019, this Court dismissed without prejudice all claims against defendant Dr. Randy Barnett.[17] On February 25, 2019, this Court granted an *Agreed Stipulation of Dismissal with Prejudice* as to defendant Clinical Reference Laboratory.[18] DISA is the only remaining defendant in this case, and it now moves for summary judgment on all of the Plaintiffs' claims.[19]

## II.     LAW

In reviewing a party's Motion for Summary Judgment, the Court will grant the Motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to

---

[13] *See* Rec. Doc. 42.
[14] Rec. Doc. 21.
[15] Rec. Doc. 20.
[16] Rec. Doc. 142.
[17] Rec. Doc. 147.
[18] Rec. Doc. 160.
[19] The Court notes that the Plaintiffs have filed suit against DISA Global Solutions, Inc., and DISA INC. Every litigatory action taken by one of those parties has been taken by the other, with the exception being the present Motion for Summary Judgment, which is only made by DISA Global Solutions, Inc. It is not clear from the record whether these two parties are separate entities, or whether they are the same.
58430

judgment as a matter of law.[20] This determination is made "in the light most favorable to the opposing party."[21] The Court cannot engage in weighing the evidence or determining credibility, as those functions belong to a jury rather than the Court; thus, "[the Court] must disregard all evidence favorable to the moving party that the jury is not required to believe."[22] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[23] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[24] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[25]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[26] All reasonable factual inferences are drawn in favor of the nonmoving party.[27] However, "[t]he Court has no duty

---

[20] FED. R. CIV. PROC. 56(a).
[21] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L.Ed.2d 176 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).
[22] *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135, 120 S.Ct. 2097, 2102, 147 L.Ed.2d 105 (2000).
[23] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552.
[24] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[25] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[26] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[27] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
58430

to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[28] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the Plaintiffs [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'"[29]

## III. ANALYSIS

### A. Plaintiffs' Failure to Attach a Statement of Facts

In opposing a motion for summary judgment, a party is required under local Rule 56(b) to:

> submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph and supported by a record citation as required by subsection (f) of this rule.

As Plaintiffs failed to comply with this rule, the Court will deem admitted DISA's record-supported statements of undisputed fact. Rule 56(f) provides:

> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by

---

[28] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[29] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
58430

this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

However, according to Fifth Circuit jurisprudence, in such instances the Court can still consider record evidence to determine if there is a factual dispute.[30] Because Plaintiff has cited to record evidence that contradicts some of DISA's statements, the Court will consider those statements opposed. The Court will now turn to the substantive claims raised by Plaintiffs.

### B. The Plaintiffs Cannot Use a Brief to Amend the Complaint

The Court notes at the outset of this Ruling that the most recent operative complaint filed by the Plaintiffs has been the basis for all of this Court's prior rulings that dismissed the Plaintiffs' claims against DISA's co-defendants.[31] That complaint—notably, the Plaintiffs' Fifth Amended Complaint—failed to make specific factual allegations against each defendant and instead addressed all defendants *in globo*.[32] However, in their *Opposition*, the Plaintiffs state specific allegations against DISA and abandon the *in globo* approach taken in the complaint.[33]

---

[30] *See Smith v. Brenoettsy*, 158 F.3d 908, 910 (5th Cir. 1998) (holding, where Plaintiff failed to oppose the motion for summary judgment, that facts in "Statement of Undisputed Facts" were admitted, "except to the extent that the 'facts' in the 'Statement of Undisputed Facts' are contradicted by 'facts' in other materials attached to his motion for summary judgment." (citation omitted)).
[31] *See* Rec. Doc. 21, 20, 142, 147, 160.
[32] *See* Rec. Doc. 42.
[33] *See* Rec. Doc. 169.
58430

DISA's former co-defendants utilized the 12(b)(6) motion as their procedure for a dispositive motion.[34] As a result, this Court's analysis was confined to the four corners of the complaint in determining whether a claim had been stated upon which relief could be granted.[35] In this way, the 12(b)(6) analysis worked against the Plaintiffs, who failed to specifically allege claims against particular defendants. Unlike its former co-defendants, DISA utilizes here a Rule 56 motion for summary judgment as its dispositive motion.[36] Rule 56 requires this Court to consider not just the complaint, but also other materials in the record that are specifically referenced by the parties in meeting their burdens of proof.[37] The Court's analysis under Rule 56 is significantly broader than under Rule 12(b)(6), which thereby works to remedy some degree of the vagueness presented by the Plaintiffs' *in globo* complaint.

Nonetheless, despite the broadened analysis offered by Rule 56, the Plaintiffs remain plagued by their Fifth Amended Complaint. A party cannot amend its complaint in a subsequent brief, and an opposition cannot substantively expand or refine a party's claims presented in its original complaint.[38] For that reason, even under Rule 56's wide-sweeping record review, the Court will not consider substantively new claims presented in a subsequent brief that were not in the Complaint.

---

[34] FED. R. CIV. PROC. 12(b)(6). *See* Rec. Doc. 7, 17, 75, 76, 159.
[35] FED. R. CIV. PROC. 12(b)(6). *See also Randall D. Walcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[36] Rec. Doc. 163.
[37] *See RSR Corp.*, 612 F.3d at 857; *Celotex Corp.*, 477 U.S. at 324.
[38] *Davis v. Louisiana State Univ. & A&M Coll.*, No. CV 18-614-SDD-RLB, 2019 WL 179580 (M.D. La. 2019) ("[T]he law is well-settled that arguments in a brief are not a substitute for properly pleaded allegations."); *Becnel v. St. Charles Par. Sheriff's Office*, No. 15-1011, 2015 WL 5665060, at *1 n.3 (E.D. La. Sept. 24, 2015) ("[I]t is axiomatic that a complaint cannot be amended by briefs in opposition.") (quoting *In re Enron Corp. Sec., Drivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011)).
58430

**C. Federal Law Claims**

DISA contends that the Plaintiffs have not put forth evidence demonstrating any violations committed by DISA under various regulations from PHMSA, DOT, and HHS.[39] Further, DISA urges the Court to adopt its reasoning from its prior *Ruling* on a 12(b)(6) Motion to Dismiss, which this Court granted in favor of CRL.[40] In that *Ruling*, this Court dismissed the Plaintiffs' claims against CRL under, *inter alia*, HIPAA and the United States Constitution, in addition to alleged violations of the aforementioned regulations.[41]

    1.    <u>PHMSA & DOT Regulations</u>

In the Court's Ruling dated February 25, 2019, the Court found that the Plaintiffs failed to include sufficient factual allegations in the complaint that would bring CRL within the purview of PHMSA.[42] This Court agreed with CRL's assertion that "PHMSA regulations apply to pipeline operators, not workplace drug testing laboratories."[43] However, under Rule 56, the Court is not limited to the "four corners" of the complaint; rather, the Court may consider any information in "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits."[44]

Plaintiffs argue that PHSMA applies to Exxon because Exxon is subject to other sections of 49 CFR, and DISA is also subject to PHMSA as an Exxon contractor.[45] The Plaintiffs also point out DISA's adoption of DOT regulations in its corporate policies.[46] In response, the Plaintiffs merely cite to the federal regulations at issue and to DISA policies

---

[39] Rec. Doc. 163 p. 9-10.
[40] *Id.*
[41] *See* Rec. Doc. 160.
[42] Rec. Doc. 160 p. 6-9.
[43] *Id.* p. 7 (quoting Rec. Doc. 45-1 at 8); *see also* 49 CFR § 199.2(a).
[44] *Celotex*, 477 U.S. at 323.
[45] Rec. Doc. 169 p. 9-12.
[46] *Id.* p. 16-18.
58430

that do not address the issue of whether DISA is subject to PHMSA.[47] The Plaintiffs again "inartfully [intermingle] PHMSA and DOT regulations" without clarifying any distinctions between the two sets of regulations, except this time, the Plaintiffs further convolute the matter by attaching multiple copies of DISA drug testing policies with mislabeled exhibit identification numbers.[48]

The PHMSA regulations referenced by the Plaintiffs are contained in Title 49, Subchapter D of the C.F.R. Specifically, Plaintiffs reference Section 199 of that subchapter, labeled Drug and Alcohol Testing. Their argument is loosely organized as follows: Tilson is a covered employee for the purposes of the PHMSA regulations under § 199.3. As a covered employee, Plaintiffs argue that any drug tests performed on Tilson are "required to be conducted in compliance" with DOT regulations.[49] Those DOT regulations are contained in 49 C.F.R. Part 40, and 49 C.F.R. § 199.5 expressly adopts the policies and procedures from Part 40 into any tests conducted according to the PHMSA regulations in Subchapter D. Turning to specific provisions in Part 40, the Plaintiffs allege that DISA was required to provide a five-panel drug test under § 40.85 and that DISA was required to use the cutoff levels established in § 40.87 for Tilson's urine analysis.[50] In the Plaintiffs' view, "[all] of Turner['s] employees working at the Exxon

---

[47] *Id.* p. 9-12.
[48] *See* Rec. Doc. 169. Exhibit 1, which Plaintiffs reference on page 11 of their opposition as "DCCHA," is an affidavit from Dr. Robert Swotinsky; the DCCHA policy is attached as Exhibit 12. The Court notes that Plaintiffs' exhibits are besieged with filing errors, mislabeled exhibits, and duplicate pages. Exhibit 4 appears to be an erroneously-scanned page from Dr. Swotinsky's affidavit, which also appears in Exhibit 1. Additionally, "Appendix 1" in Exhibit 1, where Dr. Swotinsky lists the documents he reviewed in preparation for his report and deposition, is duplicated as Exhibit 14. Exhibit 5 contains duplicate pages that are also contained in Exhibits 7 and 10. Exhibit 7 contains duplicate pages from Exhibit 10, which appears to be a complete version of the "DOT Urine Specimen Guidelines." Exhibit 13 is merely a page separated from Emile Tilson's deposition, and the complete version of that transcript is contained in Exhibit 20.
[49] Rec. Doc. 169 p. 9.
[50] *Id.* p. 9-10.
58430

worksite were required to comply with the federal drug testing rules and regulations pursuant [to] 49 CFR."[51]

Plaintiffs are correct that the PHMSA and DOT regulations do require a five-panel drug test and higher cutoff levels. But those procedures only apply to drug tests required by PHMSA and DOT; the regulations do not prohibit employers from engaging in their own drug testing programs and crafting their own drug testing policies and procedures.[52] The Plaintiffs fundamentally misunderstand both the purpose and the application of the regulations. These regulations are the rules for federal drug tests that are required to be submitted to PHMSA and DOT. They do not regulate private drug tests conducted by employers for their own purposes and do not apply as a matter of law.[53]

Federal courts have held that drug testing programs mandated by federal agencies generally do not provide a private cause of action.[54] Furthermore, the PHMSA and DOT regulations do not provide a private cause of action, and there is no basis upon which the Court can infer an implied private cause of action. Accordingly, the Court finds that DISA is entitled to judgment as a matter of law. Summary judgment as to those claims is GRANTED.

    2.    <u>HHS Regulations</u>

DISA contends that it is entitled to summary judgment on Plaintiffs' HHS claims.[55] Indeed, nowhere in the *Opposition*, nor in the *Fifth Amended Complaint*, do the Plaintiffs

---

[51] *Id.* p. 10 (Plaintiffs' grammatical errors corrected in brackets).
[52] 49 C.F.R. § 40.13.
[53] 49 C.F.R. § 40.13.
[54] *Abate v. S. Pac. Transp. Co.*, 928 F.2d 167, 169-170 (5th Cir. 1991); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 308-309 (6th Cir. 2000); *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 170-171 (2nd Cir. 1998); *Schmeling v. NORDAM*, 97 F.3d 1336, 1343-44 (10th Cir. 1996).
[55] Rec. Doc. 163-2 p. 13.
58430

allege specific facts against DISA regarding HHS regulations. The Court dismissed Plaintiffs' HHS claims against DISA's former co-defendants for that reason. The result is the same as to DISA.[56] Further, to the extent that HHS regulations are intertwined with PHSMA and DOT regulations, the Court held *supra* that there is no private cause of action within those federal regulations. Therefore, the DISA is again entitled to judgment as a matter of law. Summary judgment as to Plaintiff's HHS claims is GRANTED.

  3.  <u>HIPAA</u>

DISA also points to a lack of evidence as to the Plaintiffs' claim under HIPAA.[57] Although Plaintiffs allege that DISA violated Tilson's HIPAA rights,[58] Plaintiffs do not address HIPAA at all in their *Opposition*.[59] Accordingly, this claim is deemed abandoned.[60] Further, In this Courts prior ruling on CRL's motion to dismiss, this Court found that there was no express or implied private cause of action to enforce violations of HIPAA provisions.[61] Consequently, the Court ruled that the Plaintiffs had no cause of action.[62] Though the standards may differ, the rationale in the *Motion for Summary Judgment* now before the Court remains the same, as does the result. HIPAA does not

---

[56] *See* Rec. Doc. 160 p. 6-7.
[57] Rec. Doc. 163-2 p. 15.
[58] *See* Rec. Doc. 1.
[59] *See* Rec. Doc. 169.
[60] *See U.S. ex rel. Woods v. SouthernCare, Inc.*, 2013 WL 1339375 at *7 (S.D. Miss. Mar. 30, 2013) ("The Relators did not adequately brief their opposition to the Defendant's Motion to Dismiss Count Three on state law claims of fraud, suppression, and deceit. As such, they have abandoned Count Three."). *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (concluding that plaintiff's failure to defend her "retaliatory abandonment" claim in response to the defendant's motion to dismiss constituted abandonment of the claim); *Dean v. One Life Am., Inc.*, No. 4:11–CV–203–CWR–LRA, 2013 WL 870352, at *2 (S.D.Miss. Mar. 7, 2013) (holding that by failing to address the defendant's argument in her response, the plaintiff abandoned her claim); *Alexander v. Brookhaven Sch. Dist.*, No. 3:07–CV–640–DPJ–JCS, 2009 WL 224902, at *4 (S.D.Miss. Jan. 28, 2009) (stating that the plaintiff "appears to have abandoned [her Equal Pay Act] claim having not defended it" in her response to the defendant's motion to dismiss), *aff'd*, 428 F. App'x 303 (5th Cir. 2011).
[61] Rec. Doc. 160 p. 10-11.
[62] *Id.* p. 11.
58430

create a private cause of action.⁶³ Therefore, DISA is entitled to judgment as a matter of law. DISA's motion for summary judgment on the Plaintiffs' HIPAA claim is GRANTED.

    4.    <u>Constitutional Due Process</u>

DISA contends that Plaintiffs' claims under the Fifth and Fourteenth amendments are not substantiated.⁶⁴ Plaintiffs allege that Tilson's drug test violated the Due Process Clause, but Plaintiffs do not provide any evidence of state action.⁶⁵ Further, Plaintiffs fail to respond to this claim in their *Opposition*.⁶⁶ This claim is abandoned⁶⁷ and also without merit; it presents no genuine issue of material fact, and DISA is entitled to judgment as a matter of law. DISA's motion for summary judgment on the Plaintiffs' constitutional claim is GRANTED.

**D. State Law Claims**

    1.    <u>General Negligence Claims</u>

DISA moves for summary judgment on Plaintiffs' negligence claims, contending that there is a lack of evidence put forth by Plaintiffs to demonstrate a genuine issue of material fact.⁶⁸ In order to sustain a negligence claim, the Plaintiffs must prove the following five elements:

> Proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendants'

---

⁶³ *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006). *See also Carpenter v. Arredondo*, 714 Fed. Appx. 416, 417 (5th Cir. 2018); *Dean v. City of New Orleans*, 544 Fed. Appx. 353, 355 (5th Cir. 2013); *Roberts v. Unitrin Specialty Lines Ins. Co.*, 405 Fed. Appx. 874, 882 (2010).
⁶⁴ Rec. Doc. 163-2 p. 15.
⁶⁵ *See* Rec. Doc. 106 p. 11.
⁶⁶ *See* Rec. Doc. 169.
⁶⁷ *See U.S. ex rel.* Woods, 2013 WL at *7; *Black*, 461 F.3d 588 n. 1; *Dean*, No. 4:11–CV–203–CWR–LRA, 2013 WL at *2; *Alexander*, No. 3:07–CV–640–DPJ–JCS, 2009 WL at *4.
⁶⁸ Rec. Doc. 163-2 p. 8-11, 14; Rec. Doc. 173 p. 4-5, 7-8.
58430

substandard conduct was a cause-in-fact of the Plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the Plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).[69]

The Plaintiffs carry the burden of proof, and negligence claims must be proven by a preponderance of the evidence.[70]

Plaintiffs' negligence allegations are unclear. The operative complaint, the opposition to the present motion, and other written materials in the record contain only vague allegations of fact relating to negligence. Plaintiffs fail to charge specific negligent acts or omissions by DISA, with only two exceptions: (1) negligent collection of Tilson's urine sample and (2) negligent failure to exclude alternative explanations for the positive result. Yet, even after five amended complaints, and despite multiple opportunities throughout filings in the record, Plaintiffs have never specifically alleged any facts to state a claim of negligence by DISA. Plaintiffs have not submitted any summary judgment evidence showing that DISA conducted the drug test, provided laboratory analysis, or engaged in medical review.

Although Plaintiffs submit the affidavits of D'Aldo Alaniz, Richie D. Wells, and Kimberly Sharp,[71] none of these affidavits are referenced by Plaintiffs in their *Opposition*.[72] The affidavit of D'Aldo Alaniz is not properly notarized and is therefore

---

[69] *Long v. State ex rel. Dept. of Transp. and Dev.*, 916 So. 2d 87, 101 (La. 2005).
[70] *Hanks v. Entergy Corp.*, 944 So. 2d 564, 578 (La. 2006).
[71] Rec. Doc. 169-9.
[72] *See* Rec. Doc. 169.
58430

invalid.[73] The affidavit of Richie Wells does not contain any information pertinent to Tilson or his drug test.[74] The affidavit of Kimberly Sharp contains vague statements that are hardly the kind of "probative evidence" needed to support the Plaintiffs' case.[75] In any event, the Plaintiffs do not refer to any statements from any of the affidavits into their argument, and it is not the duty of the Court to search the record for material fact issues; that burden lies with the Plaintiffs.[76] Because of the lack of evidence of any specific negligent act by DISA, and in light of the Plaintiffs' failure to adhere to local Rule 56(b), the Court finds that Plaintiffs have failed to meet the burden of proof required by Rule 56. Plaintiffs have presented no material fact on this issue, and DISA is entitled to judgment as a matter of law. Summary judgment as to the above negligence claims asserted by Plaintiffs is hereby GRANTED.

In addition, the Plaintiffs argue that DISA "violated its own standards" by using procedures not aligned with the requirements of PHMSA and DOT regulations.[77] The Plaintiffs provide the affidavit of Dr. Robert Swotinsky[78] wherein Dr. Swotinsky attests to what he believes are multiple deviations from PHMSA and DOT regulations.[79] However, as the Court held *supra*, these regulations are not applicable to private drug screenings

---

[73] Rec. Doc. 169-9 p. 2. *See Metropolitan Life Ins. Co. v. Couch*, 31 Fed. Appx. 838, 838 (5th Cir. 2002); *Wong v. SBC Smart Yellow Pages*, 2005 WL 1293717 at *6 (W.D. Tex. 2005); *Moore v. Banks*, 2010 WL 3614155 at *7 (S.D. Miss. 2010).
[74] *Id.* p. 3. Richie Wells' affidavit contains information about Jose Gregorio Sandoval and has no mention of Emile Tilson, nor does the affidavit contain any information that the Court finds pertinent to the present matter.
[75] Rec. Doc. 169-9 p. 4-6. While Kimberly Sharp states that violations of drug testing protocols may have occurred during her employment at Turner, Sharp does not state what those violations were, and Plaintiffs do not cite to Sharp's affidavit to support any of their claims. Additionally, Sharp's affidavit is dated March 1, 2012, which is multiple years prior to Tilson's drug test.
[76] *Nat'l Ass'n of Gov't Employees*, 40 F.3d at 713; *RSR Corp.*, 612 F.3d at 857 (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).
[77] Rec. Doc. 169 p. 16-17.
[78] Rec. Doc. 169-1.
[79] Rec. Doc. 169-1.
58430

and do not create a private cause of action. Further, there is no evidence indicating that DISA violated Exxon's drug testing policy.[80] Consequently, the Plaintiffs' negligence claims arising from DISA's policies and procedures do not present a genuine issue of material fact, and DISA is entitled to judgment as a matter of law. Summary judgment as to those claims is GRANTED.

        2.      <u>Louisiana Drug Testing Statute</u>

DISA contends that Plaintiffs have not submitted evidence demonstrating that DISA owed a duty to the Plaintiffs under the LDTS.[81] DISA also argues that there is no duty established by the LDTS because Exxon and its contractors are exempt from the LDTS, and, in the alternative, DISA does not owe a duty based on Exxon's drug testing policy because DISA is a third party administrator.[82] Further, DISA argues that, in any event, the LDTS does not provide a private cause of action for negligence.[83]

The LDTS contains an exemption for entities that are "engaged or employed in the exploration, drilling, or production of oil or gas in Louisiana or its territorial waters."[84] DISA asserts that Exxon is such an entity, and as Exxon's contractor enforcing an Exxon policy, DISA is therefore also exempt from the LDTS.[85] In support of its assertion, DISA submits an Assignment and Bill of Sale in which Exxon transferred, among other things, its interest in oil and gas leases, wells, and equipment used for operation and production.[86] DISA

---

[80] DISA submitted an affidavit by Colin Woods, but that affidavit is not properly sworn or notarized and is thus invalid. Rec. Doc. 163-1 p. 48-51. *See Metropolitan Life Ins. Co. v. Couch*, 31 Fed. Appx. 838, 838 (5th Cir. 2002); *Wong v. SBC Smart Yellow Pages*, 2005 WL 1293717 at *6 (W.D. Tex. 2005); *Moore v. Banks*, 2010 WL 3614155 at *7 (S.D. Miss. 2010).
[81] *See* Rec. Doc. 163-2 p. 6-8.
[82] *Id.* at p. 8-10.
[83] *Id.* at p. 11-13.
[84] LA. REV. STAT. § 49:1002(H).
[85] Rec. Doc. 163-2 p. 6-8; Rec. Doc. 173 p. 11-12.
[86] Rec. Doc. 163 Ex. 4.
58430

cites to *Russo v. Int'l Drug Detection, L.L.C.*, a Louisiana Fifth Circuit case, to support is argument that, as a contractor to an exempted entity, DISA is also exempt from the LDTS.[87]

In response, Plaintiffs specify requirements from the LDTS and then proceed to a defamation argument.[88] While Plaintiffs assert multiple violations of the LDTS and submit an affidavit from an expert,[89] Plaintiffs fail to present any summary judgment evidence or argument that Exxon does not meet the LDTS exemption. Dr. Swotinsky attests to his belief that DISA engaged in multiple violations of the LDTS, as well as federal regulations, but those alleged violations are of no consequence if Exxon is an exempt entity.

The LDTS exemption is a question of law that is resolvable by the Court, and the Court finds that Exxon is, in fact, an exempt entity from the LDTS under LA. REV. STAT. § 49:1002(H).[90] Because the Plaintiffs failed to point to any specific evidence or law indicating that Exxon is not exempt, the Court finds that Plaintiffs fail to present any genuine issue of material fact under the LDTS, and DISA is entitled to judgment as a matter of law on this issue. Summary judgment on the Plaintiffs' LDTS claims is GRANTED.

### 3. Tortious Interference Claims

DISA argues that Plaintiffs have not substantiated their claims that DISA tortiously interfered with Tilson's employment.[91] In Louisiana, a tortious interference claim requires Plaintiffs to allege facts to demonstrate that DISA improperly and maliciously influenced

---

[87] 18-93 (La. App. 5 Cir. 2018), 250 So. 3d 1100.
[88] Rec. Doc. 169 p. 6-9.
[89] Rec. Doc. 169-1.
[90] *See Russo*, 250 So. 3d at 1104.
[91] Rec. Doc. 163-2 p. 16.
58430

others not to engage in business dealings with Tilson.[92] Plaintiffs' claim in this respect is essentially that DISA should have used a higher confirmatory testing cutoff level for marijuana than 10ng/mL. As the Court held in its prior *Ruling*, there are no allegations and no summary judgment evidence that DISA acted maliciously or improperly in reporting Tilson's test results.[93] There is no evidence indicating that DISA deviated from Exxon's protocol to which it was obligated to adhere. Summary judgment as to Plaintiffs' tortious interference claims is GRANTED.

### 4. Defamation Claim

DISA seeks summary judgment as to the Plaintiffs' defamation claim.[94] The Plaintiffs allege that DISA defamed Tilson by classifying him as "inactive" in a database that is accessible to employers.[95] A federal court sitting in diversity applies the substantive law of the forum state.[96] The Louisiana Supreme Court has held that defamation is a tort involving "the invasion of a person's interest in his [or her] reputation and good name."[97] A defamation claim requires (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on behalf of DISA; and (4) injury caused by the statement.[98] If any single element of the tort is lacking, the cause of action fails.[99] Here, there is no genuine issue of material fact as to the first or third

---

[92] *Bogues v. La. Energy Consultants, Inc.*, 46,434 (La. App. 2 Cir. 8/10/11), 71 So. 3d 1128, 1134-35 (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981)).
[93] Rec. Doc. 160 p. 12.
[94] Rec. Doc. 163-2 p. 14-15.
[95] Rec. Doc. 169 p. 4, 8-9, 12-13.
[96] *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
[97] *Sassone v. Elder*, 626 So.2d 345, 350 (La. 1993).
[98] *Schmidt v. Cal-Dive International, Inc.*, 240 F.Supp.3d 532, 542 (W.D. La. 2017) (quoting *Kennedy v. Sheriff of E. Baton Rouge*, 935 So.2d 669, 674 (La. 2006); *Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 181 (5th Cir. 2009)).
[99] *Schmidt*, 240 F.Supp.3d at 542 (citing *Costello v. Hardy*, 864 So.2d at 139) (emphasis added).
58430

elements. There is no summary judgment evidence that Tilson's drug test was falsely reported. It is undisputed that Tilson's drug test resulted in a marijuana metabolite content of 14 ng/mL.[100] Further, it is undisputed that DISA reported a positive result based on Exxon's policy of a 10 ng/mL cutoff.[101] Not only was DISA's reporting of 14 ng/mL not false, but its classification of Tilson as "inactive" was not false either. DISA was merely fulfilling its role as a testing agency in accordance with an Exxon policy. Furthermore, the Plaintiffs have not put forth any evidence demonstrating malice or ill-intent on behalf of DISA in its reporting of Tilson's drug test results. The Plaintiffs suggest that DISA conspires with a "cabal" of contractors to "ruin the lives" of "employees throughout the United States," but fail to submit any summary judgment evidence supporting such a grandiose assertion.[102] There is no genuine issue of material fact as to the Plaintiffs' defamation claims. Accordingly, DISA's motion for summary judgment on the Plaintiffs' defamation claim is GRANTED.

### 5. Loss of Consortium Claim

DISA contends that the Plaintiffs have not presented any genuine issue of material fact as to Mrs. Tilson's loss of consortium claim and that DISA is entitled to judgment as a matter of law on that claim.[103] Plaintiffs do not respond to DISA's challenge to Mrs. Tilson's loss of consortium claim.[104] Consequently, this claim is abandoned.[105] Additionally, a loss of consortium claim is derivative of an underlying, predicate tort

---

[100] Rec. Doc. 163-1 p. 2; Rec. Doc. 42 ¶¶ 16-18; Rec. Doc. 106 p. 2.
[101] Rec. Doc. 163-1 p. 1; Rec. Doc. 169 p. 24.
[102] Rec. Doc. 169 p. 24.
[103] Rec. Doc. 163-2 p. 16.
[104] *See* Rec. Doc. 169.
[105] *See U.S. ex rel.* Woods, 2013 WL at *7; *Black*, 461 F.3d 588 n. 1; *Dean*, No. 4:11–CV–203–CWR–LRA, 2013 WL at *2; *Alexander*, No. 3:07–CV–640–DPJ–JCS, 2009 WL at *4.
58430

claim.[106] Because summary judgment has been granted *supra* as to all of the Plaintiffs' claims against DISA, and because the Plaintiffs have not pointed out any "significant probative evidence tending to support the complaint,"[107] the Plaintiffs' loss of consortium claim fails as a matter of law. Summary judgment is GRANTED as to the Plaintiffs' loss of consortium claims.

### E. Federal and State Employment Discrimination Claims

In their Complaint, Plaintiffs allege violations of the Americans with Disabilities Act (ADA), the Louisiana Employment Discrimination Law (LEDL), and the Louisiana Human Rights Act (LHRA).[108] Nowhere in any of their written briefs do the Plaintiffs address or argue specific provisions of these laws and regulations. These acts prohibit discrimination by an employer. There is no allegation that DISA was Tilson's employer; instead, it is undisputed that Turner was Tilson's employer.[109] Turner is not a party to this suit. Accordingly, DISA's motion for summary judgment is GRANTED as to Plaintiffs' employment discrimination claims.

---

[106] *Ferrell v. Fireman's Fund Ins. Co.*, 96-3028 (La. 7/1/97), 696 So.2d 569, 576.
[107] *Nat'l Ass'n of Gov't Employees*, 40 F.3d at 713.
[108] Rec. Doc. 42 p. 11 ¶ 27(i).
[109] Rec. Doc. 163-2 p. 1; Rec. Doc. 169 p. 1.
58430

## IV. CONCLUSION

For the reasons set forth above, Defendants' *Motion for Summary Judgment*[110] is **GRANTED** in its entirety. Plaintiffs' claims against DISA Global Solutions, Inc. are hereby dismissed with prejudice.[111]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on December 17, 2019.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[110] Rec. Doc. 163.
[111] Remaining as a defendant in this case is DISA, INC., as no evidence has been presented to the Court that DISA, INC. and DISA Global Solutions, Inc. are the same entity, and DISA, INC. did not join in the present *Motion for Summary Judgment*. Therefore, the Court is unable to enter judgment at this time.
58430